UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joel Antwan Robinson, | ) | C/A No. 4:08-01880-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Reynaldo Meyers, Director; | ) | |
| Milton Pope, County Commissioner; | ) | |
| Assistant Dir. Harrell; | ) | |
| Captain William Refo; | ) | |
| Captain Michael Higgins; | ) | |
| Captain Redman; | ) | |
| Captain Bowman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, acting *pro se*, brought this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 on May 13, 2008.[1] On August 4, 2008, defendant Milton Pope, County Commissioner, filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (Document #29). The undersigned issued an order filed August 6, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. (Document # 32.) The plaintiff filed a response on August 21, 2008, and defendant Pope filed a reply on August 22, 2008.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court Judge.

**MOTION TO DISMISS**

Defendant Pope filed a motion to dismiss asserting that he was not served correctly under Rule 4 of the Fed. R.Civ. P. and that plaintiff has failed to establish any theory of liability as to this defendant. Defendant Pope asserts that plaintiff has failed to plead any personal involvement on the part of defendant Pope, the record demonstrates no evidence of personal involvement on defendant Pope's part, and the doctrine of *respondeat superior* does not give rise to a claim under 42 U.S.C. §1983.

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).[2]

A review of the complaint reveals that plaintiff did not raise any direct allegations against defendant Pope and did not assert any personal involvement by defendant Pope. Further, the only response to the motion to dismiss by plaintiff in this regard is that defendant Pope should be accountable as he is Director Meyer's supervisor.

---

[2] In his response in opposition to the motion to dismiss, plaintiff argues that "Councilman Pope is Director Meyers supervisor or the person who was appointed to oversee the detention center's operations, therefore he should be included in and held accountable in this civil action."

A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. §1983.  See, e.g., Monell v. Department of Social Sys., 436 U.S. 658, 691-92 (1978). As the plaintiff's complaint sets forth no allegations of personal involvement on the part of defendant Pope, plaintiff has not stated a claim against him. Aside from the caption in this case, the plaintiff does not make any allegations regarding the defendant.  Accordingly, it is recommended that the motion to dismiss be GRANTED.[3]

**CONCLUSION**

Accordingly, it is recommended that the defendant Pope's motion to dismiss (document #29) be GRANTED and the complaint be dismissed as to defendant Pope.

>Respectfully Submitted,
>
>s/Thomas E. Rogers, III
>Thomas E. Rogers, III
>United States Magistrate Judge

November 12, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] The undersigned finds that defendant Pope has not been properly served. However, the undersigned will not address plaintiff's argument that the Marshals service was responsible for correctly serving defendant Pope because, even if service was proper, it would still be recommended that defendant Pope be dismissed.